OPINION JUDGMENT ENTRY
{¶ 1} Appellants Christine Steigerwald and Michael Steigerwald appeal from the November 26, 2003, Judgment Entry of the Tuscarawas County Court of Common Pleas, Probate Division, which apportioned the settlement proceeds from a wrongful death action. The appellee is Linda Gracie.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} This appeal arises out of the Tuscarawas County Probate Court's distribution of proceeds received from a settlement of a wrongful death claim. The decedent, David J. Steigerwald, suffered fatal injuries on the job as a result of being crushed by a large construction vehicle on October 30, 2000. David Steigerwald was survived by his wife, appellant Christine Steigerwald, one son, appellant Michael Steigerwald, and one sister, appellee Linda Gracie. David's parents predeceased him and David had no other children.
 {¶ 3} On August 25, 2003, appellants Christine Steigerwald and Michael Steigerwald, in their capacities as co-administrators of David's Estate, submitted an application to approve a settlement of an intentional tort claim reached with David's employer. After payment of attorney fees and litigation expenses incurred, appellants Christine and Michael proposed that the remaining proceeds be divided equally between them as the sole surviving next of kin.
 {¶ 4} The Tuscarawas County Probate Court scheduled the case for a September 15, 2003, hearing. On September 9, 2003, appellee Linda Gracie notified the Probate Court of her existence by letter. Following the hearing, on September 26, 2003, the trial court issued its final order distributing the proceeds. The trial court awarded equal one-third shares to appellant Christine Steigerwald, appellant Michael Steigerwald, and appellee Linda Gracie, respectively.
 {¶ 5} It is from the September 26, 2003, Judgment Entry that appellants appeal, raising the following assignment of error:
 {¶ 6} "The trial court abused its discretion by arbitraily awarding the decedent's sibling a distribution share equal to that of the decedent's surviving spouse and only child."
 I {¶ 7} In the sole assignment of error, appellants contend that the trial court abused its discretion when it arbitrarily awarded appellee, decedent's sister, a one-third share of the wrongful death settlement proceeds. We disagree.
 {¶ 8} In awarding the decedent's wife, son and sister equal shares of the wrongful death settlement amount, the trial court made the following holdings:
 {¶ 9} "ORC 2125.03 indicates that this Court:
 {¶ 10} "`. . . shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries.'
 {¶ 11} "With no further instruction, the law gives the Probate Court discretion in appropriating distributive shares in a wrongful death action in accordance with the laws of equity without regard to any specific formula. As a result, it is incumbent upon the Court to somehow appropriately divide the proceeds in a manner that reflects the loss of the beneficiaries.
 {¶ 12} "During the hearing on this matter, the Court permitted all three beneficiaries to express their thoughts concerning these proceeds. Both Michael and Christine Steigerwald indicated at length that they were the individuals that pursued the wrongful death action and had somehow "earned" the money through their diligence. They indicated that Mrs. Gracie failed to participate in the litigation and declined to view autopsy and accident reports. Michael stated that `I didn't make any decision about this with anyone else in mind but me and Christine.'
 {¶ 13} "Neither party made any offer of this money to Mrs. Gracie and made it clear to the Court that they did not intend to do so, even though they were aware of the relationship she had with her brother prior to his death. A portion of their testimony was a clear attempt to discredit Mrs. Gracie's claim of a close relationship with her brother. Interestingly, both Christine and Michael spoke little about the Decedent, except for a few superficial remarks.
 {¶ 14} "The testimony of Linda Gracie was much different. All of her comments were concerned with the relationship she had with her brother and what his loss has meant to her family. Mr. Steigerwald was her only sibling and her parents are deceased. She made no derogatory remarks concerning Michael, Christine, or their relationship with the Decedent. Mrs. Gracie made no request for a specific amount of money. The Court has no doubt that she did not actively participate in any wrongful death litigation because she was not genuinely invited to do so.
 {¶ 15} "Therefore, the Court finds that a clear and permanent loss has been suffered by Linda Gracie as well as by Michael and Christine Steigerwald.
 {¶ 16} "Accordingly, this Court orders that all proceeds from this wrongful death action be paid immediately in equal shares to Linda Gracie, Christine Steigerwald, and Michael Steigerwald." Judgment Entry, Nov. 26, 2003.
 {¶ 17} In this case, appellants contend that the trial court failed to consider the factors found in R.C. 2125.02 and penalized appellants for their assertion that appellants' efforts in pursuing the wrongful death claim should be considered in dividing the proceeds. However, a trial court has broad discretion in apportioning wrongful death proceeds among beneficiaries. In re Estate of Marinelli (1994),99 Ohio App.3d 372, 378, 650 N.E.2d 935. Absent a showing of an abuse of that discretion, a reviewing court will not substitute its judgment for that of the trial court. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the trial court's attitude was "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 18} We agree with the trial court that there is no precise mathematical formula for apportioning the proceeds. The trial court found that appellee had suffered a loss and, after hearing evidence of the relationship between appellee and the decedent, awarded a share equal to that of appellants to appellee. In so doing, the trial court implicitly held that the loss suffered by appellee was comparable to the loss of appellants and that the division of the settlement proceeds into equal shares was equitable.[1]
 {¶ 19} This Court can only reverse the trial court's decision upon an abuse of discretion which is more than an error of law or of judgment. Although the trial court did not cite R.C. 2125.02
and commented upon the appellants' assertions that the proceeds were gained through their diligence, we find no abuse of discretion.
 {¶ 20} Revised Code 2125.02 does provide further guidance to the trial court. Revised Code 2125.02(A)(1) specifically states that a surviving spouse and a son of the decedent are rebuttably presumed to have suffered damages as a result of the loss. R.C.2125.02; Ramage v. Central Ohio Emergency Services, Inc.
(1992), 64 Ohio St.3d 97, 106, 592 N.E.2d 828. Other next of kin bear the burden of proof in establishing damages. Id. Further, R.C. 2125.02(B) provides a non-exhaustive list of criteria upon which damages may be awarded.[2] See Engle v. Schilling,
Washington App. No. 99CA50, 2000 WL 33226316. Although the trial court failed to recognize the existence of R.C. 2125.02, it found that appellee proved that she suffered a loss and awarded damages pursuant to the evidence of the loss. We find no abuse of discretion.
 {¶ 21} Accordingly, appellants' assignment of error is overruled. The judgment of the Tuscarawas County Court of Appeals, Probate Division is affirmed.
Edwards, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellants.
[1] We note that there was no attempt by any party to rebut the presumption that appellants, as the wife and child of the decedent, suffered damages.
[2] Other factors which may be relevant to rendering an equitable division of the proceeds may be applicable, depending upon circumstances. "Compensatory damages may be awarded in an action for wrongful death and may include damages for the following:
"(1) Loss of support from the reasonably expected earning capacity of the decedent;
"(2) Loss of services of the decedent;
"(3) Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, minor children, parents, or next of kin;
"(4) Loss of prospective inheritance to the decedent's heirs at law at the time of the decedent's death;
"(5) The mental anguish incurred by the surviving spouse, minor children, parents, or next of kin." R.C. 2125.02(B).